IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Felipe Rascon-Delacruz, | ) C/A No. 0:08-1938-GRA -PJG |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Doctor NFN Merritt; Doctor NFN Loranth; Nurse NFN McMannis; each of the FCI Williamsburg Medical Department, | ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the plaintiff's "Motion to Compel BOP Authorities to Return Monies Taken From Inmate Account for Initial PLRA Payment." Having reviewed the parties' memoranda, the court finds that this motion should be denied.

The plaintiff, a federal prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. By order filed June 24, 2008, the court granted the plaintiff's motion to proceed *in forma pauperis*, relieving him of the obligation to *pre*pay the $350 filing fee. The court stated:

> By filing this case, the plaintiff has incurred a debt to the United States of America in the amount of $350. . . . The Prison Litigation Reform Act (PRLA) of 1996 permits a prisoner to file a civil action without prepayment of fees or security, but requires the prison "to pay the full amount of the filing fee" as funds are available. *The agency having custody of the plaintiff shall collect payments from the plaintiff's prisoner trust account* . . . until the full filing fee is paid.

(Order at 1, Docket Entry 10) (emphasis added) (citations omitted). Accordingly, the plaintiff is not entitled to the return of any monies deducted from his trust account to pay the filing fee.

PJG

# RECOMMENDATION[1]

Therefore, the court recommends that the plaintiff's motion (Docket Entry 19) be denied.

*(signature)*
_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 13, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] Because the plaintiff's motion essentially seeks injunctive relief, the court enters this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) (stating that a district judge may designate a magistrate judge to submit findings and recommendations to the district judge regarding motions for injunctive relief) and Local Civil Rule 73.02(B)(2) DSC.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).